JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2713 PA (ASx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Michael Tolkin, et al. v. Wells Fargo Bank, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo").  In its Notice of Removal, Wells Fargo asserts that this Court has jurisdiction over the action brought against it by plaintiffs Michael Tolkin, Wendy Mogel, and The White Mountain Company (colletively "Plaintiffs") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Wells Fargo must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2713 PA (ASx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Michael Tolkin, et al. v. Wells Fargo Bank, N.A. | | |

§ 1332(c); see also Hertz v. Friend, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2020) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      The Notice of Removal alleges that "Plaintiffs . . . are citizens of California based on domicile. Complaint, ¶1 (re Michael Tolkin residing in Los Angeles County, California); Complaint, ¶ 2 (re Wendy Mogel residing in Los Angeles County, California); Complaint, ¶ 3 (re The White Mountain, a California corporation)."  (Notice of Removal: 3:3-7.)  As the Notice of Removal indicates, the Complaint alleges only the residence of Michael Tolkin and Wendy Mogel, and the state of incorporation of The White Mountain Company.  Because the only support for Wells Fargo's allegation of the citizenship of Michael Tolkin and Wendy Mogel is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish the citizenship of Michael Tolkin and Wendy Mogel.  Similarly, the Notice of Removal's allegations are insufficient to establish the citizenship of The White Mountain Company because neither the Complaint nor the Notice of Removal alleges the company's principal place of business.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Wells Fargo's allegations are insufficient to invoke this Court's diversity jurisdiction.

      For all of the foregoing reasons, Wells Fargo has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC576178.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.